## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:14-cr-13-002 |
| v. ) | |
| ) | Judge Greer/Wyrick |
| JEREMY JERMAINE WHATLEY ) | |

## MEMORANDUM AND ORDER

JEREMY JERMAINE WHATLEY ("Defendant") came before the Court for an initial appearance on January 13, 2020, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition") [Doc. 76].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Presita West to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Frank Clark explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested a preliminary and detention hearing. At counsel's request, those hearings were scheduled on Friday, January 17, 2020.

At the preliminary hearing and detention hearing on Friday, January 17, 2020, Defendant was represented by Attorney Presita West. The Government was represented by AUSA Frank Clark. The Government relied upon the allegations in the Petition [Doc. 76] and the testimony of U.S. Probation Officer Christa Heath. The Petition includes a recitation of the violations of conditions of supervision committed by Defendant, *to wit*, Defendant shall not illegally possess a controlled substance; Defendant shall refrain from any unlawful use of a controlled substance; Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance except as prescribed by a

1

physician; Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer; Defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as Defendant is released from the program by the probation officer; Defendant shall participate in and complete the 28-day inpatient substance abuse treatment program at Centerpointe; and Defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as Defendant is released from the program by the probation officer.[1]

The Petition further sets forth a summary of facts, which facts were testified to by USPO Heath. In summary, Defendant tested positive for illegal controlled substances on two occasions; he missed a mandatory drug test on one occasion; and he was arrested and charged in Tennessee state court with theft of property, interference with emergency calls, aggravated assault, tampering with or fabricating evidence, and "drugs general category for resale." More specifically, when Defendant was arrested, he was found to be in possession of what appeared to be heroin. The Court finds that the evidence establishes that probable cause exists to support the various violations of conditions of supervised release specified in the Petition [Doc. 76].

With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant violated the conditions of supervised release. The Court further finds that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community or that he is not a risk of flight. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. The evidence establishes that probable cause exists to support the violations of supervised release specified in the Petition [Doc. 76].

2. Counsel for Defendant and the Government shall confer and make best efforts to submit to United States District Judge Greer a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

---

[1] Conditions summarized for the sake of brevity.

3. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision, **Defendant shall appear before the Honorable United States District Judge J. Ronnie Greer for a revocation hearing in Greeneville, Tennessee, on March 30, 2020, at 1:30 p.m. The United States Marshal Service shall make appropriate arrangements to transport Defendant to such hearing.**

4. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE